IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 3:31 pm, Sep 10, 2019*

| | |
|---|---|
| OLIVER WENDELL FIELDS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF GEORGIA,<br><br>    Defendant. | CIVIL ACTION NO.: 6:18-cv-135 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is presently incarcerated at Rogers State Prison in Reidsville, Georgia, brings this action under 42 U.S.C. § 1983 as a result of injuries he sustained on April 8, 2018 while being transported from Reidsville Hospital to Rogers State Prison.  Doc. 1.  After the requisite frivolity review under 28 U.S.C. § 1915A, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.[1]

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted).  A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).  This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed.  As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation

## BACKGROUND[2]

Plaintiff alleges that on the morning of April 8, 2018, he was transported via van from Reidsville Hospital to Rogers State Prison by two prison officials. Doc. 1 at 2. Upon arriving at Rogers State Prison's detail back gate at approximately 6:30 a.m., an officer proceeded to remove Plaintiff from the transport van. Id. The officer opened the side door of the van and placed a crate on the ground for Plaintiff to step on when he exited the van. Id. At the time, Plaintiff's legs were shackled and his hands were shackled and cuffed to his side. Id. The officer held Plaintiff's left arm as Plaintiff stepped out of the van and onto the crate but let go before both of Plaintiff's legs were on the crate. Id. Plaintiff proceeded to fall to the ground, injuring his eye, forehead, cheekbone, and lips. Id. Plaintiff was immediately taken to medical by the officer. Id.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening,

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]     During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.      Plaintiff's Claim Against the State of Georgia**

Plaintiff names the State of Georgia as his sole Defendant. See Doc. 1. "To establish a claim under § 1983, a plaintiff must show that he 'was deprived of a federal right by a person acting under color of state law.'" Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) (citation omitted). In the case of Will v. Michigan Department of State Police, the United States Supreme Court, citing to longstanding principles of state immunity, concluded that "a State is not a person within the meaning of § 1983." 491 U.S. 58, 64 (1989). The Supreme Court, in reaching its conclusion, stated that, "We find nothing substantial in the legislative history that leads us to believe that Congress intended that the word 'person' in § 1983 included the States of the Union." Id. at 69. Additionally, states have long been considered immune from suit in federal courts under the provisions of the Eleventh Amendment, unless such immunity is waived. See Welch v. Tex. Dep't of Highways & Pub. Transp., 483 U.S. 468, 472 (1987) ("[T]he Court long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's

own State in federal court. . . ."); see also Quern v. Jordan, 440 U.S. 332, 345 (1979) ("[Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States."). For these reasons, Plaintiff cannot sustain a § 1983 action against the State of Georgia, and I, therefore, **RECOMMEND** that the Court **DISMISS** Plaintiff's action.

II.     **Plaintiff's Deliberate Indifference Claim**

Even if Plaintiff had sued a viable defendant, he would still fail to state a claim. As detailed in Plaintiff's Complaint, he seeks monetary damages for injuries he sustained while disembarking from a prison transport van. Doc. 1 at 2. He alleges he fell when the officer who was assisting him off the van let go of his arm. Id. Plaintiff does not challenge the response of the officer after the fall, as he notes that the officer immediately took Plaintiff to medical. Id. Rather, Plaintiff's allegations focus only on the officer's actions while helping him off the van. Id.

The allegations in Plaintiff's Complaint assert only a claim for negligence, at most, and do not amount to the type of constitutional violation that is required to bring a § 1983 claim. In particular, a claim under the Cruel and Unusual Punishments Clause of the Eighth Amendment requires conduct by a prison official that is "more than ordinary lack of due care for the prisoner's interests or safety." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)).

To assert a violation of the Eighth Amendment under § 1983, as Plaintiff attempts to do here, Plaintiff must allege not only that he was exposed to "a substantial risk of serious harm" but also that the responsible prison officials acted with "deliberate indifference" to that known risk. Id. at 834. The Supreme Court noted in Farmer that "deliberate indifference describes a state of mind more blameworthy than negligence." Id. at 835. The Court proceeded to define

the term "deliberate indifference" in terms of the subjective recklessness used in the criminal law:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

Even giving Plaintiff's Complaint a liberal reading, his allegations describe an accident, and at most negligence, as opposed to the deliberate indifference required to support a § 1983 claim. See generally Farmer, 511 U.S. 825. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause. . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986).

In this case, the unnamed officer's actions alleged in the Complaint do not amount to a violation of the Eighth Amendment or of any other constitutional provision.[3] Rather, it appears the officer was attempting to help Plaintiff safely depart from the van, first by placing a crate on the ground and then by taking hold of Plaintiff's arm. Doc. 1 at 2. The officer simply released Plaintiff's arm too soon. See id. Moreover, the officer's quick response in sending Plaintiff to

---

[3] The Court does not find any other constitutional provisions under which Plaintiff would have a cause of action for negligence. See, e.g., Davidson v. Cannon, 474 U.S. 344, 347–48 (1986) ("[L]ack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent.").

6

medical also supports the Court's conclusion that the officer was not acting with the state of mind necessary to sustain a claim of liability under § 1983. Id.

Accordingly, even if Plaintiff had named a viable defendant, he fails to state a claim under § 1983. For this additional reason, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[4]   A certificate of appealability is not required in this § 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons laid out above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. A party may not appeal a Magistrate Judge's

report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of September, 2019.

                                      BENJAMIN W. CHEESBRO
                                      UNITED STATES MAGISTRATE JUDGE
                                      SOUTHERN DISTRICT OF GEORGIA